IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raye Ellen Stiles,<br><br>                        Plaintiff,<br><br>v.<br><br>Olivia Hicks, et al.<br><br>                        Defendants. | No.  CV 21-00530-TUC-JGZ<br><br>**SEALED ORDER** |

    On December 14, 2021, Plaintiff Raye Ellen Stiles filed a Motion to Seal this case (Doc. 1), and lodged a Complaint, Application for Leave to Proceed In Forma Pauperis (Docs. 2, 4), and Ex Parte Motion to Seal the Application. (Doc. 3.)

    On December 27, 2021, Plaintiff filed a Motion to Unseal the Case, but requested, upon unsealing, that the Court redact Plaintiff's address and telephone number from the Complaint. (Doc. 7.)  Plaintiff also filed a Motion for Process of Service by the United States Marshal. (Doc. 8.)

    The Court will grant Plaintiff's Motion to Seal her Application to Proceed In Forma Pauperis and grant the Application.  The Court will deny Plaintiff's Motion to Seal the Case, but order that the lodged Complaint remain sealed. The Court will order Plaintiff to file a redacted complaint.

**I.     Motion to Seal the Application to Proceed In Forma Pauperis**

    The public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Although that right is not absolute, there is a common law presumption in favor of access to judicial records. *See id.* A party seeking to

seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Moreover, the policy of promoting access to public documents dictates that only that information for which there is good cause or a compelling reason to seal should actually be sealed. Accordingly, to the extent that a party wishes to seal an entire document, rather than redacting certain information from that document, the party must provide either good cause or compelling reasons to seal all of the information. *See id.* at 1183. Otherwise, the party must only seek to redact the information for which there is good cause or a compelling reason to seal.

Plaintiff's Ex Parte Motion to Seal her In Forma Pauperis Application is a non-dispositive pleading and meets the good cause standard. The application contains private financial information. The Court will grant the motion to seal the Application.

**II.     Application to Proceed In Forma Pauperis (IFP)**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that she "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff has satisfied the requirements for filing without paying costs or fees. The Court will therefore grant Plaintiff's Application to Proceed IFP.

**III.    Motion to Seal the Case and to Unseal the Case**

Plaintiff's Motion to Seal the Case and to Unseal the Case seek essentially the same remedy—redaction of Plaintiff's personal information from the lodged Complaint.[1] Such information is appropriately excluded from public filings, however, the Court cannot redact information from documents which have been lodged or filed electronically. Thus, the Court will deny the motion to seal the case, order that the complaint lodged at Doc. 2 be filed under seal, and direct Plaintiff to file a **redacted** complaint that does not include her

---

[1] A motion to seal a case has the effect of sealing every document filed in the case. To the extent that Plaintiff seeks to seal the entire record, the Court will deny the motion to seal as there is no compelling reason advanced for sealing the entire record.

personal information. Plaintiff's new complaint should be captioned "Redacted Complaint."

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review complaints brought by all plaintiffs who are proceeding in forma pauperis and must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Upon Plaintiff's filing of the redacted complaint, the Court will conduct the required screening.

The Court will deny the Motion to Unseal the Case (Doc. 7) as moot.

### IV.    Motion for Service of Process by the United States Marshal

Officers of the Court "shall serve and issue all process" in cases filed in forma pauperis. 28 U.S.C. § 1915(d). *See supra* Part II. However, because Plaintiff's Complain is subject to screening prior to service, the Court will deny without prejudice Plaintiff's Motion for Service of Process by the United States Marshal (Doc. 8).

Based on the foregoing,

**IT IS ORDERED THAT:**

1. Plaintiff's Motion to Seal Her Application to Proceed in Forma Pauperis (Doc. 3) is **GRANTED.**

2. Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **GRANTED.**

3. Plaintiff's Motion to Seal the Case (Doc. 1) is **GRANTED IN PART AND DENIED IN PART.  The case is ordered unsealed except for Doc. 2, which shall be filed under seal**.

4. **Plaintiff must file a redacted complaint within fourteen (14) days of the date of this Order.**  The complaint should be captioned "Redacted Complaint."

5. Plaintiff's Motion to Unseal the Case (Doc. 7) is **DENIED** as moot.

//
//
//
//

6. Plaintiff's Motion for Service of Process by the United States Marshal (Doc. 8) is **DENIED**.

Dated this 15th day of March, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge

Cc: Raye Ellen Stiles, Plaintiff